# EXHIBIT 1





CUNY » Bylaws » Article XV

# Article XV

Text

Article I

Article II

Article III

Article IV

Article V

Article VI

Article VII

Article VIII

Article IX

Article X

Article XI

Article XII

## ARTICLE XV STUDENTS

SECTION 15.0. PREAMBLE.

Academic institutions exist for the transmission of knowledge, the pursuit of truth, the develop students, and the general well-being of society. Student participation, responsibility, academic f and due process are essential to the operation of the academic enterprise. As members of the community, students should be encouraged to develop the capacity for critical judgment and to in a sustained and independent search for truth.

Freedom to learn and to explore major social, political, and economic issues are necessary adju student academic freedom, as is freedom from discrimination, as set forth in the university's no discrimination policy.

Freedom to learn and freedom to teach are inseparable facets of academic freedom. The conce this freedom is responsibility. If members of the academic community are to develop positively freedom; if these rights are to be secure, then students should exercise their freedom with resp

SECTION 15.1. CONDUCT STANDARD DEFINED.

Each student enrolled or in attendance in any college, school or unit under the control of the bo every student organization, association, publication, club or chapter shall obey (1) the laws of th state and nation; (2) the bylaws and resolutions of the board, including the rules and regulations maintenance of public order pursuant to article 129-a of the education law ("Henderson rules"); the governance plan, policies, regulations, and orders of the college.

Such laws, bylaws, resolutions, policies, rules, regulations and orders shall, of course, be limited right of students to the freedoms of speech, press, assembly and petition as construed by the c

SECTION 15.2. STUDENT ORGANIZATIONS.

Article XIII

Article XIV

Article XV

Article XVI

Article XVII

a. Any group of students may form a team (excluding intercollegiate athletics), student media/publications, organization, association, club or chapter by filing with the duly elected student government organization of the college or school at which they are enrolled or in attendance an officer to be designated by the chief student affairs officer of the college or school at which the enrolled or in attendance (1) the name and purposes of the organization, association, club or cha the names and addresses of its president and secretary or other officers corresponding in function to president and secretary.

The board recognizes that students have rights to free expression and association. At the same board strongly believes that respect for all members of the university's diverse community is an attribute of a great university and requires viewpoint neutrality in the recognition of student tea student media/publications, organizations, associations, clubs or chapters.

Each student leader and officer of student organizations recognized by or registered with the in as well as those seeking recognition by the institution, must complete training on domestic viol dating violence, stalking, and sexual assault prevention and on CUNY's Policy on Sexual Miscon to the organization receiving recognition or registration.

b. Extra-curricular activities at each college or school shall be regulated by the duly elected stuc government organization to insure the effective conduct of such college or school as an institut higher learning and for the prevention of activities which are hereafter proscribed or which viola standards of conduct of the character set forth in bylaw 15.1. Such powers shall include:

1. i. The power to charter or otherwise authorize teams (excluding intercollegiate athletics), stuc media/publications, organizations, associations, clubs or chapters, and, when appropriate in the of such regulatory power, the power to refuse, suspend or revoke any charter or other authoriza cause after hearing on notice. All such decisions must be based upon viewpoint neutral criteria detailed in the Fiscal Accountability Handbook and must be based upon the written submission student team, publication, organization, association, club or chapter, which will describe its inter conduct activities for the benefit of students. ii. All decisions declining a charter or authorization in writing and are appealable to the college or school's chief student affairs officer or designee, render a final written decision on the appeal. iii. Appeals must be based upon one or both of the two grounds: the denial was arbitrary and capricious or discriminated against the applicant base viewpoint.

2. The power to delegate responsibility for the effective implementation of its regulatory functi hereunder to any officer or committee which it may appoint.
c.
1. Any person or organization affiliated with the college may file a complaint with the chief stude officer if there is reason to believe that a student organization has violated any of the standards conduct set forth in section 15.1 above. The chief student affairs officer shall promptly notify th affected organization, investigate any complaint and report the results of that investigation alor recommendation for appropriate action to the complainant and the student government which action as it deems appropriate, except that in the case of a complaint against the student gover itself, the chief student affairs officer shall report the results of the investigation and the recommendation for appropriate action directly to the president.

2. The complainant or any student organization adversely affected pursuant to paragraph C (1) a may appeal to the president. The president may take such action as he or she deems appropria such action shall be final.

d. Each college shall establish a student elections review committee in consultation with the va student governments. The student elections review committee shall approve the election proce and certify the results of elections for student governments, and student body referenda. Decis the student elections review committee may be appealed to the college president, whose decis

be final. An appeal from the decision of the student elections review committee must be made in writing to the President within ten (10) calendar days of the decision. The President shall consult with the student elections review committee and render a decision as expeditiously as possible which may affirm, reverse, or modify the decision of the student elections review committee.

e. Student government elections shall be scheduled and conducted, and newly elected student governments shall take office, in accordance with policies of the board, and implementing regulations.

SECTION 15.3. THE UNIVERSITY STUDENT SENATE.

There shall be a university student senate responsible, subject to the board of trustees, for the formulation of university-wide student policy relating to the academic status, role, rights and freedoms of the student. The authority and duties of the university student senate shall not extend to areas of interest which fall exclusively within the domain of the student governments of the constituent units of the university. Consistent with the authority of the board of trustees in accordance with the education law and the bylaws of the board of trustees, the university student senate shall make its own bylaws providing for the election of its own officers, the establishment of its own rules and procedures, for its internal administration and for such other matters as is necessary for its existence. The university student senate shall have the full rights and responsibilities accorded student organizations as provided in these bylaws. The delegates and alternate delegates to the university student senate shall be elected by their respective constituencies or by their student governments from the elected members of the respective student governments.

SECTION 15.4. STUDENT DISCIPLINARY PROCEDURES.

Complaint Procedures:

a. A University student, employee, organization, department or visitor who believes she or he is the victim of a student's misconduct (hereinafter "complainant") may make a charge, accusation, or allegation against a student (hereinafter "respondent") which if proved, may subject the respondent to disciplinary action. Such charge, accusation, or allegation must be communicated to the chief student affairs officer of the college the respondent attends.

b. The chief student affairs officer of the college or her or his designee shall conduct a preliminary investigation in order to determine whether disciplinary charges should be preferred. The chief student affairs officer or her or his designee shall advise the respondent of the allegation against her or him, explain to the respondent and the complainant their rights, consult with other parties who may be involved or who have information regarding the incident, and review other relevant evidence. The preliminary investigation shall be concluded within thirty (30) calendar days of the filing of the complaint, unless: (i) said complaint involves two or more complainants or respondents; or (ii) said complaint involves a matter that is also under investigation by law enforcement authorities. In those cases, the preliminary investigation shall be completed within sixty (60) calendar days.  Further, if the matter has been previously investigated pursuant to the CUNY Policy on Sexual Misconduct, the chief student affairs officer shall dispense with a preliminary investigation and rely on the report completed by the Title IX Coordinator. Following the completion of the preliminary investigation, the chief student affairs officer or designee shall take one of the following actions:

1. Dismiss the matter if there is no basis for the allegation(s) or the allegation(s) does not warrant disciplinary action. The individuals involved shall be notified that the complaint has been dismissed;
2. Refer the matter to mediation (except in cases involving allegations of sexual assault, stalking or other forms of sexual violence); or
3. Prefer formal disciplinary charges.

c. In cases involving the CUNY Policy on Sexual Misconduct, both the Complainant and Respondent may be accompanied by an advisor of their choice (including an attorney) who may assist and advise

throughout the entire process, including all meetings and hearings. Advisors may represent a party and fully participate at a hearing, but may not give testimony as a witness.

d. In the event that a respondent withdraws from the college after a charge, accusation or allegation against a respondent has been made, and the college prefers formal disciplinary charges, the respondent is required to participate in the disciplinary hearing or otherwise to resolve the pending charges and shall be barred from attending any other unit of the university until a decision on the charges is made or the charges are otherwise resolved. Immediately following the respondent's withdrawal, the college must place a notation on her/his transcript that she/he "withdrew with conduct charges pending." If the respondent fails to appear, the college may proceed with the disciplinary hearing in absentia, and any decision and sanction shall be binding, and the transcript notation, if any, resulting from that decision and penalty shall replace the notation referred to above.

Mediation Conference:

e. The college may offer the respondent and the complainant the opportunity to participate in a mediation conference prior to the time the disciplinary hearing takes place in an effort to resolve the matter by mutual agreement (except in cases involving sexual assault, stalking and other forms of sexual violence). The conference shall be conducted by a qualified staff or faculty member designated by the chief student affairs officer. The following procedures shall be in effect at this conference:

1. An effort shall be made to resolve the matter by mutual agreement through such process as the mediator deems most appropriate; provided, however, that the complainant must be notified of her/his right to end the mediation at any time.

2. If an agreement is reached, the faculty or staff member conducting the conference shall report her/his recommendation to the chief student affairs officer for approval and, if approved, the complainant and the respondent shall be notified, and a written memorandum shall be created memorializing the resolution and any consequences for non-compliance.

3. If no agreement is reached within a reasonable time, or if the respondent fails to appear, the faculty or staff member conducting the conference shall refer the matter back to the chief student affairs officer who may prefer disciplinary charges, or, if charges have been preferred, proceed to a disciplinary hearing.

4. The faculty or staff member conducting the mediation conference is precluded from testifying at a college hearing regarding information received during the mediation conference, or presenting the case on behalf of the college.

Notice of Charges and Hearing:

f. Notice of the charge(s) and of the time and place of the hearing shall be personally delivered to the respondent, or sent by certified or overnight mail and email to the address appearing on the records of the college. Notice shall also be sent in a similar manner to the complainant to the extent the charges relate to her/him. The chief student affairs officer is also encouraged to send the notice of charges to any other e-mail address that he or she may have for the respondent and the complainant. The hearing shall be scheduled within a reasonable time following the filing of the charges or the mediation conference. Notice of at least seven (7) calendar days shall be given to the respondent in advance of the hearing unless the respondent consents to an earlier hearing. The respondent is permitted one (1) adjournment as of right. Additional requests for an adjournment must be made at least five (5) calendar days prior to the hearing date, and shall be granted or denied at the discretion of the chairperson of the faculty-student disciplinary committee. If the respondent fails to respond to the notice, appear on the adjourned date, or request an extension, the college may proceed in absentia, and any decision and sanction shall be binding.

g. The notice shall contain the following:

1. A complete and itemized statement of the charge(s) being brought against the respondent including the rule, bylaw or regulation she/he is charged with violating, and the possible penalties for such

violation.

2. A statement that the respondent and the complainant have the right to attend and participate fully in the hearing including the right:

(i) to present their side of the story;
(ii) to present witnesses and evidence on their behalf;
(iii) to cross-examine witnesses presenting evidence;
(iv) to remain silent without assumption of guilt; and
(v) to be assisted or represented by an advisor or legal counsel at their expense; if the respondent or the complainant requests it, the college shall assist in finding a legal counsel or advisor.

3. A warning that anything the respondent says may be used against her/him at a non- college hearing.
Pre-Hearing Document Inspection:

h. At least five (5) calendar days prior to the commencement of a student disciplinary hearing, the college shall provide the respondent and the complainant and/or their designated representative, with similar and timely access to review any documents or other tangible evidence that the college intends to use at the disciplinary hearing, consistent with the restrictions imposed by Family Education Rights and Privacy Act ("FERPA"). Should the college seek to introduce additional documents or other tangible evidence during, or some time prior to, the disciplinary hearing, the respondent and the complainant shall be afforded the opportunity to review the additional documents or tangible evidence. If during the hearing the complainant or the respondent submits documentary evidence, the chairperson may, at the request of any other party grant an adjournment of the hearing as may be necessary in the interest of fairness to permit the requesting party time to review the newly produced evidence.
Admission and Acceptance of Penalty Without Hearing:

i. At any time after receiving the notice of charges and hearing but prior to the commencement of a disciplinary hearing, the respondent may admit to the charges and accept the penalty that the chief student affairs officer or designee determines to be appropriate to address the misconduct. This agreed upon penalty shall be placed on the respondent's transcript consistent with subparagraphs q(19) and (20) herein. Before resolving a complaint in this manner, the chief student affairs officer must first consult with the complainant and provide the complainant an opportunity to object to the proposed resolution, orally and/or in writing. If a resolution is reached over the complainant's objection, the chief student affairs officer or designee shall provide the complainant with a written statement of the reasons supporting such resolution, and the complainant may appeal the decision to enter into the resolution to the president.
Emergency Suspension:

j. The president or her/his designee may in emergency or extraordinary circumstances, temporarily suspend a student pending an early hearing as provided in this bylaw section
15.4. to take place within not more than twelve (12) calendar days, unless the student requests an adjournment. Such suspension shall be for conduct which impedes, obstructs, impairs or interferes with the orderly and continuous administration and operation of any college, school, or unit of the university in the use of its facilities or in the achievement of its purposes as an educational institution. Prior to the commencement of a temporary suspension of a student, the college shall give the student oral notice (which shall be confirmed via email to the address appearing on the records of the college) or written notice of the charges against her/him and, if she/he denies them, the college shall forthwith give the student an informal oral explanation of the evidence supporting the charges and the student may present informally her/his explanation or theory of the matter. When a student's presence poses a continuing danger to person or property or an ongoing threat of disrupting the academic process, notice and opportunity for denial and explanation may follow suspension, but shall be given as soon as feasible thereafter. The complainant shall be notified in the event that an emergency suspension is imposed against a student, and/or when the suspension is subsequently lifted to the extent that the suspension involves the complainant in the same manner notice is given to the student.

Faculty-Student Disciplinary Committee Structure:

k. Each faculty-student disciplinary committee shall consist of two (2) faculty members or one (1) faculty member and one (1) member of the Higher Education Officer series (HEO), and two (2) student members and a chairperson, who shall be a faculty member. A quorum shall consist of the chairperson and any two (2) members, one of whom must be a student. Hearings shall be scheduled promptly (including during the summers) at a convenient time and efforts shall be made to insure full student and faculty representation.

l. The president shall select in consultation with the head of the appropriate campus governance body or where the president is the head of the governance body, its executive committee, three (3) members of the faculty of that college to receive training upon appointment and to serve in rotation as chairperson of the disciplinary committee. The following schools shall be required to select two (2) chairpersons:, CUNY School of Law, Guttman Community College, CUNY School of Professional Studies, and the CUNY School of Journalism. If none of the chairpersons appointed from the campus can serve, the president, at her/his discretion, may request that a chairperson be selected by lottery from the entire group of chairpersons appointed by other colleges. The chairperson shall preside at all meetings of the faculty-student disciplinary committee and decide and make all rulings for the committee. She/he shall not be a voting member of the committee but shall vote in the event of a tie.

m. The faculty members shall be selected by lot from a panel of six (6) elected biennially by the appropriate faculty body from among the persons having faculty rank or faculty status. CUNY School of Law, Guttman Community College, CUNY School of Professional Studies, and the CUNY School of Journalism shall be required to select four (4) faculty members. The HEO members shall be selected by lot from a panel of six (6) HEOs appointed biennially by the president. CUNY School of Law, Guttman Community College, CUNY School of Professional Studies, and the CUNY School of Journalism shall be required to select four (4) HEOs. The student members shall be selected by lot from a panel of six (6) elected annually in an election in which all students registered at the college shall be eligible to vote. CUNY School of Law, Guttman Community College, CUNY School of Professional Studies, and the CUNY School of Journalism shall be required to select four (4) students. In the event that the student or faculty panel or both are not elected, or if more panel members are needed, the president shall have the duty to select the panel or panels which have not been elected. No individuals on the panel shall serve on the panel for more than four (4) consecutive years. Notwithstanding the above, in cases of sexual assault, stalking and other forms of sexual violence, the president shall designate from the panels one (1) chairperson, two (2) faculty/HEO members, and two (2) students, who shall be specially trained on an annual basis, and who shall constitute the faculty-student disciplinary committee in all such cases.

n. In the event that the chairperson cannot continue, the president shall appoint another chairperson. In the event that a seat becomes vacant and it is necessary to fill the seat to continue the hearing, the seat shall be filled from the respective faculty, HEO, or student panel by lottery.

o. Each academic year, the chief student affairs officer, or her or his designee, shall appoint/identify one or more college employees to serve as presenters for the hearings. This list shall be forwarded to the Office of the Vice Chancellor for Student Affairs, and the Office of the General Counsel and Sr. Vice Chancellor for Legal Affairs prior to the first day of the academic year.

p. Persons who are to be participants in the hearings as witnesses or have been involved in preferring the charges or who may participate in the appeals procedures or any other person having a direct interest in the outcome of the hearing shall be disqualified from serving on the committee.
Faculty-Student Disciplinary Committee Procedures:

q. The following procedures shall apply to faculty-student disciplinary proceedings:

Hearing:
1. The chairperson shall preside at the hearing. The chairperson shall inform the respondent of the charges, the hearing procedures and her or his rights.

2. All faculty student disciplinary committee hearings are closed hearings unless the respondent requests an open public hearing. Notwithstanding such requests, the chairperson shall not permit an open hearing in cases involving allegations of sexual assault, stalking, or other forms of sexual violence. Furthermore, the chairperson has the right to deny the request and hold a closed hearing when an open public hearing would adversely affect and be disruptive to the committee's normal operations. In the event of an open hearing, the respondent must sign a written waiver acknowledging that those present will hear the evidence introduced at the hearing.

3. After informing the respondent of the charges, the hearing procedures, and her or his rights, the chairperson shall ask the respondent to respond. If the respondent admits the conduct charged, the respondent shall be given an opportunity to explain her/his actions before the committee and the college shall be given an opportunity to respond and present evidence regarding the appropriate penalty. If the respondent denies the conduct charged, the college shall present its case. At the conclusion of the college's case, the respondent may move to dismiss the charges. If the motion is denied by the committee, the respondent shall be given an opportunity to present her or his defense.

4. Prior to accepting testimony at the hearing, the chairperson shall rule on any motions questioning the impartiality of any committee member or the adequacy of the notice of the charge(s). Subsequent thereto, the chairperson may rule on the admissibility of the evidence and may exclude irrelevant, unreliable or unduly repetitive evidence. In addition, if any party wishes to question the impartiality of a committee member on the basis of evidence which was not previously available at the inception of the hearing, the chairperson may rule on such a motion. The chairperson shall exclude from the hearing room all persons who are to appear as witnesses, except the respondent and the complainant.

5. The college shall make a record of each fact-finding hearing by some means such as a stenographic transcript, an audio recording or the equivalent. The college must assign a staff member for each hearing, with the sole responsibility of ensuring that the hearing is recorded in its entirety. No other recording of the proceedings may be permitted. A respondent who has been found to have committed the conduct charged after a hearing is entitled upon request to a copy of such a record without cost upon the condition that it is not to be disseminated except to the respondent's representative or attorney. In the event of an appeal, both the respondent and the complainant are entitled upon request to a copy of such a record without cost, upon the condition that it is not to be disseminated except to their representatives or attorneys.

6. The college bears the burden of proving the charge(s) by a preponderance of the evidence.

7. The role of the faculty-student disciplinary committee is to listen to the testimony, ask questions of the witnesses, review the testimony and evidence presented at the hearing and the papers filed by the parties and render a determination. In the event the respondent is found to have committed the conduct charged, the committee shall then determine the penalty to be imposed.

8. The college, the respondent and the complainant are permitted to have lawyers or other representatives or advisors act on their behalf during the pendency of a disciplinary action, which shall include the calling and examining of witnesses, and presenting other evidence. Any party intending to appear with an attorney shall give the other party 5 (five) calendar days' notice of such representation.

9. The chairperson of the faculty-student disciplinary committee retains discretion to limit the number of witnesses and the time of testimony for the presentations by any party and/or their representative.

10. In the event that the respondent is charged with a sexual assault, stalking or other forms of sexual misconduct, neither the respondent nor the complainant shall be permitted to cross-examine the other directly. Rather, if they wish to, the respondent and the complainant may cross-examine each other only through a representative. If either or both of them do not have a representative, the college shall work with them to find a representative to conduct such cross-examination. In the alternative, the complainant and respondent may provide written questions to the chairperson to be posed to the witness.

11. In a case involving the CUNY Policy on Sexual Misconduct:

a) Evidence of the mental health diagnosis and/or treatment of a party may not be introduced.
b) Evidence of either party's prior sexual history may not be introduced except that (i) evidence of prior sexual history between complainant and respondent is admissible at any stage of the hearing, and (ii) past findings of domestic violence, dating violence, stalking, or sexual assault may be admissible in the stage of that hearing related to penalty

Penalty Phase:

12. If the respondent has been found responsible, then all parties may introduce evidence related to the respondent's character including any past findings of a respondents' responsibility for domestic violence, stalking, or sexual assault or any other sexual violence. The College may introduce a copy of the respondent's previous disciplinary record; including records from any CUNY institution the respondent has attended, where applicable, provided the respondent was shown a copy of the record prior to the commencement of the hearing. The previous disciplinary record shall be submitted to the committee in a sealed envelope, bearing the respondent's signature across the seal, and shall only be opened if the respondent has been found to have committed the conduct charged. The previous disciplinary records, as well as documents and character evidence introduced by the respondent, the complainant, and the college shall be opened and used by the committee for dispositional purposes, i.e., to determine an appropriate penalty if the charges are sustained. The complainant and respondent may also provide or make an impact statement. Such evidence and impact statements shall be used by the committee only for the purpose of determining an appropriate penalty if the charges are sustained.

Decision:

13. The committee shall deliberate in closed session. The committee shall issue a written decision, which shall be based solely on the testimony and evidence presented at the hearing and the papers filed by the parties.

14. The respondent shall be sent a copy of the faculty-student disciplinary committee's decision within seven (7) calendar days of the conclusion of the hearing, by regular mail and e-mail to the address appearing on the records of the college. In cases involving two or more complainants or respondents, the respondent shall be sent a copy of faculty- student disciplinary committee's decision within fourteen (14) calendar days of the conclusion of the hearing. The chief student affairs officer is also encouraged to send the decision to any other e-mail address that he or she may have for the respondent. The decision shall be final subject to any appeal. In cases involving a crime of violence or a non-forcible sex offense, as set forth in FERPA, the complainant shall simultaneously receive notice of the outcome of the faculty-student disciplinary committee's decision as it relates to the offense(s) committed against the complainant, in the same manner as notice is given to the respondent.

15. When a disciplinary hearing results in a penalty of dismissal or suspension for one term or more, the decision is a university-wide penalty and the respondent shall be barred from admission to, or attendance at, any other unit of the university while the penalty is being served.

Appeals:

16. A respondent or a complainant may appeal a decision of the faculty-student disciplinary committee to the president on the following grounds: (i) procedural error, (ii) newly discovered evidence that was not reasonably available at the time of the hearing, or (iii) the disproportionate nature of the penalty. The president may remand for a new hearing or may modify the penalty either by decreasing it (on an appeal by the respondent) or increasing it (on an appeal by the complainant). If the president is a party to the dispute, her/his functions with respect to an appeal shall be discharged by an official of the university to be appointed by the chancellor or her or his designee. If the penalty after appeal to the president is one of dismissal for one term or more, a respondent or a complainant may appeal to the board committee on student affairs and special programs. The board may dispose of the appeal in the same manner as the president.

17. An appeal under this section shall be made in writing within fifteen (15) calendar days after the delivery of the decision appealed from. This requirement may be waived in a particular case for good cause by the president or the board committee as the case may be. Within three (3) calendar days of the receipt of any appeal, either to the president or the board committee on student affairs and special programs, the non-appealing party shall be sent a written notice of the other party's appeal. In addition, the respondent and/or the complainant shall have the opportunity to submit a written opposition to the other party's appeal within fifteen (15) calendar days of the delivery of the notice of receipt of such appeal.

18. The president shall decide and issue a decision within fifteen (15) calendar days of receiving the appeal or within fifteen (15) calendar days of receiving papers in opposition to the appeal, whichever is longer. The board committee shall decide and issue a decision within five (5) calendar days of the meeting at which it hears the appeal.
Notations on Transcripts:

19. In cases in which a respondent has been found responsible for a Clery Act reportable crime of violence, the college must place a notation on her/his transcript stating that she/he was suspended or expelled after a finding of responsibility for a code of conduct violation. In all other cases, the college must place a notation of the findings and penalty on a respondent's transcript unless a mediation agreement, under subparagraph e(2) herein, the determination of the chief student affairs officer or designee under subparagraph I herein, the committee's decision under subparagraph q(13) herein, or the decision on any appeal under subparagraphs q(16)-(18) herein expressly indicate otherwise.

20. A notation of expulsion after a respondent has been found responsible for a Clery Act reportable crime of violence shall not be removed. In all other cases, a notation of expulsion, suspension or any lesser disciplinary penalty shall be removed, as a matter of right, upon the request of the respondent to the Chief Student Affairs Officer made, four years after the conclusion of the disciplinary proceeding or one year after the conclusion of any suspension, whichever is longer. If a finding of responsibility for any violation is vacated for any reason, any such notation shall be removed.

SECTION 15.5. ACTION BY THE BOARD OF TRUSTEES.

Notwithstanding the foregoing provisions of this article, the board of trustees reserves full power to suspend or take other appropriate action against a student or a student organization for conduct which impedes, obstructs, or interferes with the orderly and continuous administration and operation of any college, school, or units of the university in the use of its facilities or in the achievement of its purposes as an educational institution in accordance with procedures established by the board of trustees.

SECTION 15.6. COLLEGE GOVERNANCE PLANS.

The provisions in a duly adopted college governance plan shall not be inconsistent with the provisions contained in this article.

[Contact Us](#)